IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| ANNA MURRAY, individually and as Administrator of the Estate of David J. Malone, Jr., deceased<br>1 Casey Court<br>Middletown, Delaware   19709<br><br>              v.<br><br>VAIL PRODUCTS, INC.<br>235 First Street<br>Toledo, Ohio  43605 | :<br>:<br>:    DOCKET NO. _____<br>:<br>:    JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

I.   **STATEMENT OF PARTIES**

1.   Plaintiff, Anna Murray, is an adult individual and citizen of the State of Delaware residing at 1 Casey Court, Middletown, Delaware  19709.

2.   David J. Malone, Jr., a/k/a David W. J. Malone, Jr., a/k/a David W. J. Malone, deceased, was the son of plaintiff, Anna Murray.  David W. Malone, Jr. was born on April 29, 1995 and died on May 8, 2003.

3.   On July 15, 2003, plaintiff was appointed Administrator of the Estate of David W. Malone, Jr., a/k/a David W. J. Malone, Jr. a/k/a David W. J. Malone by the Register of Wills of New Castle County, Delaware.

4.   Defendant, Vail Products, Inc. ("Vail") is a corporation duly organized and existing under the laws of the State of Ohio with a  principal place of business located at 235 First Street, Toledo, Ohio 43605.

## II. STATEMENT OF JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. §1332.

6. The amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Venue is properly placed in the District Court of the State of Delaware pursuant to 28 U.S.C. §1391 because the occurrence took place in the district.

## III. STATEMENT OF CASE

8. Decedent, David J. Malone, Jr., was born with cerebral palsy. He could neither walk nor talk. He was capable of movement of his extremities and while sleeping, often kicked his legs.

9. Defendant, Vail Products, Inc., designs, manufactures, markets and sells bed enclosure systems for hospital and home use. (Hereinafter "Enclosed Beds").

10. An Enclosed Bed is a bed that is enclosed with padding and netting so as to restrain the occupier of the bed from leaving while allowing the occupier to move around freely within the enclosed area.

11. Defendant Vail markets its Enclosed Beds to adults and children with special needs, representing that its Enclosed Beds will protect children from wandering, falls and injuries and, in turn, facilitate more relaxing sleep for special needs children and their parents.

12. Defendant Vail held itself out to the plaintiff and to the public as having expertise in enclosed bedding systems.

13. Defendant Vail held itself out to the public as "the leader in enclosed bed systems."

14. At all times material hereto, plaintiff relied upon defendant Vail's representations indicating expertise in the area of enclosed bedding systems.

15. In or about Fall, 2002 plaintiff began looking for an alternative to a hospital bed for her son David.

16. David attended a school for children with special needs and someone at the School recommended the Vail bed to the plaintiff.

17. Vail also advertised the Vail enclosed bed in an *Exceptional Parent Magazine*, wherein they indicated that the enclosed bed provided secure sleep for children with special needs.

18. In or about late October, 2002 plaintiff purchased the Vail 1000 Electric Enclosed Bed System from defendant Vail. (Hereinafter "Vail 1000").

19. The Vail 1000 was designed, manufactured, marketed and sold with a flip-up rail on the side of the bed. The purpose of the rail was to secure the side canvas against the mattress.

20. The rail, however, did not extend sufficiently across the entire side of the bed leaving areas at the end of the bed where the bed's occupant could get trapped between the side canvas and mattress.

21. In or around April 2003, defendant Vail notified the Food and Drug Administration (hereinafter "FDA") that it was recalling all Vail 1000 enclosed bed systems. The reason for the recall was because occupants could become trapped between the bottom side rail and the mattress.

22. Defendant Vail never informed plaintiff of the recall of the Vail 1000.

23. On the morning of May 8, 2003, David J. Malone, Jr. was found dead in the Vail 1000

        Enclosed Bed.  He had fallen between the mattress and the railing, suffocated and died.

24.    On or about May 8, 2005, two years after her son's death, plaintiff received in the mail a letter dated May 6, 2005 from Bob and Joy Vail entitled "Urgent Notification."

25.    The May 6, 2005 letter was a notice of improved labeling and instructional materials for all Vail 500, Vail 1000 and Vail 2000 Enclosed Bed Systems in use and indicated the following**:  "Failure to follow these instructions could increase the risk of patient entrapment and result in serious injury or death"**

26.    Upon receipt of this letter, plaintiff Anna Murray realized for the first time that her son's death may have been related to the unsafe nature of his Enclosed Bed.

27.    At no time prior to receipt of this notice did Anna Murray relate her son's death to a defect in the Enclosed Bed.

28.    In or around late June, 2005, plaintiff Anna Murray received in the mail additional material dated 6/17/05 from Vail Products, Inc., including a revised instructions material and labeling materials, emphasizing the risk of entrapment and potential death.

<u>**COUNT I**</u>
<u>**NEGLIGENCE**</u>
<u>**PLAINTIFF, ADMINISTRATOR VS. DEFENDANT VAIL**</u>

29.    Plaintiff incorporates by reference paragraphs 1 through 28 inclusive, as if set forth herein at length.

30.    Defendant Vail had a duty to exercise reasonable care to properly design, research, develop, test, inspect, label and prepare for use the Vail 1000 which was introduced into the stream of commerce, including a duty to insure that the Vail 1000 would not cause users to suffer from unreasonable dangerous and harmful adverse events.

31.    Defendant Vail failed to exercise ordinary care in the design, research, development,

manufacture, sale, testing, quality assurance, quality control and/or distribution of the Vail 1000 in that defendant Vail knew or should have known that the product created the risk of unreasonable dangerous and harmful adverse events to its users.

32. Defendant Vail knew, or in the exercise of reasonable care, should have known, that the Vail 1000 was of such a nature that if not properly manufactured, labeled, tested, and inspected before sold, it would likely cause injury to the user.

33. Defendant Vail was negligent in the design, manufacture, testing, promotion, advertising, warning, labeling, marketing and sale of the Vail 1000 in that they:

   a. Failed to use due care in the design, testing and manufacturing of the Vail 1000 so as to prevent the risk of injury and death to its users;

   b. Failed to accompany their product with proper warnings regarding all possible adverse events associated with the use of the Vail 1000 and the severity of the adverse events;

   c. Failed to conduct adequate pre-marketing and post-marketing surveillance to determine the safety of the Vail 1000;

   d. Failed to provide adequate training and information to its servants, employees and agents for the appropriate manufacturing, construction and modifying of the Vail 1000;

   e. Failed to warn plaintiffs, prior to actively encouraging and promoting the sale of the Vail 1000 of the risk of injury or death from the use of the Vail 1000;

   f. Failed to adequately test and/or warn about risk of injury and death from the use of the Vail 1000;

   g. Failed to warn that users of the Vail 1000 faced a substantial risk of falling

        between the mattress and the side railing;

    h.    Failed to adequately inform plaintiff of the product recall;

    i.    Were otherwise careless and/or negligent.

34.    Despite the fact that defendant Vail knew or should have known that the Vail 1000 caused injury and death, defendant Vail continued to promote and market the Vail 1000 to consumers including the plaintiff, when safer, alternative methods of enclosed bedding systems were available.

35.    Defendant Vail knew or should have known that consumers such as plaintiff's decedent would suffer injury and/or death as a result of defendant's failure to exercise ordinary care as described above.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and costs of suit.

## COUNT II
## STRICT LIABILITY
## PLAINTIFF ADMINISTRATOR VS DEFENDANT VAIL

36.    Plaintiff incorporates by reference paragraphs 1 through 35, inclusive, as if set forth herein at length.

37.    Defendant Vail is the manufacturer and supplier of the Vail 1000 and is strictly liable to plaintiffs for designing, creating, manufacturing, marketing, labeling, distributing, selling and placing into the stream of commerce the Vail 1000.

38.    The Vail 1000 manufactured and/or supplied by defendant Vail was defective in design, formulation and/or manufacturing, in that, when it left the hands of Vail, it was unreasonably dangerous, it was more dangerous than an ordinary consumer would expect and more dangerous than other forms of bedding.

39. The Vail 1000 manufactured and/or supplied by defendant Vail was defective in design, formulation and/or manufacturing, in that, when it left the hands of defendant Vail, the foreseeable risks exceeded the benefits associated with the design, manufacturing and/or formulation.

40. The Vail 1000 manufactured and/or supplied by defendant Vail was defective due to inadequate warnings or instruction because the manufacturer knew or should have known that the product created, among other things, a risk of harm to its users and defendant Vail failed to adequately warn of said risk.

41. The Vail 1000 manufactured and/or supplied by defendant Vail was defective due to defendant Vail's failure to provide adequate official warnings and post-marketing warnings or instructions after defendant Vail knew or should have known of the risk of injury and/or death from the use of the Vail 1000 and continued to promote the product. WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) interest and costs of suit.

### COUNT III
### STRICT LIABILITY/FAILURE TO WARN
### PLAINTIFF ADMINISTRATOR VS DEFENDANT VAIL

42. Plaintiff incorporates by reference paragraphs 1 through 41, inclusive, as if set forth herein at length.

43. Defendant Vail failed to provide adequate warnings and/or information concerning the harm or potential harm and dangers of the Vail 1000 to persons using the product, including but not limited to the plaintiff herein.

44. Defendant Vail sold the Vail 1000 to the plaintiff without providing information concerning the dangers and harm to persons using their product, including but not

limited to the plaintiff herein.

45. Defendant Vail failed to perform adequate testing which would have established that the Vail 1000 possessed potentially serious risks of injury and death which defendant Vail should have provided full and proper warnings with respect to the use of the Vail 1000.

46. Defendant Vail failed to warn its agents, servants and employees of the aforementioned dangers of the risks of harm and death.

47. The Vail 1000 manufactured and/or supplied by defendant Vail was defective due to inadequate post-marketing warnings to users and consumers of the Vail 1000 and continued to promote and market the Vail 1000 after it knew or should have known or the risks of injury and/or death from the use of the product.

48. The Vail 1000 manufactured and/or supplied by defendant Vail was defective in design, manufacturing and formulation because when the product left the control of defendant Vail it was defective and unsafe for its intended purpose.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and costs of suit.

## COUNT IV
## BREACH OF IMPLIED WARRANTY
## PLAINTIFF ADMINISTRATOR V DEFENDANT VAIL

49. Plaintiff incorporates by reference paragraphs 1 through 48, inclusive, as if set forth herein at length.

50. At all times relevant herein, defendant Vail formulated, marketed, manufactured, promoted, packaged, labeled, distributed and/or sold the Vail 1000 for use by the public at large and including the plaintiff herein. Defendant Vail knew the use for which the

product was intended and implied that said warranted products were of merchantable quality, safe and fit for use.

51. The plaintiff reasonably relied on the skill and judgment of defendant Vail and as such their implied warranties, in using the Vail 1000. Contrary to the implied warranties, said product was not of merchantable quality or safe or fit for its intended use because the product was unreasonably dangerous and unfit for the purpose for which it was used.

52. Defendant Vail breached their implied warranties to plaintiff in violation of 6 Del. C. §2-3 14 of the Delaware Uniform Commercial Code (i) by manufacturing, marketing, packaging, labeling, dispensing and selling the product to plaintiff with the risk of injury and death, without warning or disclosure thereof by package or label of such risks to plaintiffs and/or without so modifying or excluding such implied warranties; (ii) by manufacturing, marketing, packaging, labeling and selling to plaintiff a product described above which failed to provide plaintiff with a safe bed and (iii) by manufacturing, marketing, packaging, labeling and selling to plaintiff the Vail 1000 which caused serious physical injury, pain and suffering and death to David J. Malone, Jr.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and costs of suit.

## COUNT V
## BREACH OF EXPRESS WARRANTY
## PLAINTIFF ADMINISTRATOR V DEFENDANT VAIL

53. Plaintiff incorporates by reference paragraphs 1 through 52, inclusive, as if set forth herein at length.

54. Defendant Vail through description, affirmation of fact and promise relating to the Vail 1000 expressly warranted that the product was fit and safe for its intended use.

55. At the time of these express warranties, defendant Vail had knowledge of the purpose for which the Vail 1000 would be used and warranted same to be in all aspects safe, effective and fit for such purpose.

56. Vail 1000 did not conform to these express representations in that it was neither safe nor effective and causes injury and death.

57. Vail defendants breached their express warranties to plaintiffs in violation of 6 Del. C §2-3 13 of the Delaware Uniform Commercial Code (i) by manufacturing, marketing, packaging, labeling and selling the Vail 1000 in such a way that misstated the risk of injury and death, without warning or disclosure thereof by package and labeling of such risks to plaintiffs and without so modifying or excluding such express warranties; (ii) by manufacturing, marketing, packaging, labeling and selling to plaintiff, and enclosed bed which failed to provide a safe environment for plaintiff's decedent and caused plaintiff's decedent to suffer serious physical injury, pain, suffering and death.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and costs of suit.

## COUNT VI
## FRAUD
## PLAINTIFF ADMINISTRATOR AND ANNA MURRAY IN HER OWN RIGHT V DEFENDANT VAIL

58. Plaintiff incorporates by reference paragraphs 1 through 57, inclusive, as if set forth herein at length.

59. Defendant Vail, having undertaken the design, manufacturing, marketing, dispensing, distributions and promotions of the Enclosed Bed described herein, owed a duty to provide accurate and complete information regarding the product.

60. Defendant Vail's advertising program, by affirmative misrepresentations and omissions, falsely and deceptively sought to create the image and impression that the use of its Enclosed Bed was safe for use with special needs children, presented risks of injury or death.

61. On information and belief defendant Vail concealed, failed to disclose, misstated, downplayed and understated the health hazards and risks associated with the use of its Enclosed Beds. Defendant Vail through promotional literature, deceived potential buyers and users about its Enclosed Beds by relaying only allegedly positive information, while concealing, misstating, and downplaying the known adverse and serious risks of injury and death, and resisted attempts by the Food & Drug Administration to recall the bed. Defendant Vail falsely and deceptively kept relevant information from buyers and users of its Enclosed Beds.

62. In particular, in the materials disseminated by defendant Vail, defendant falsely and deceptively misrepresented or omitted a number of material facts regarding the Enclosed Beds including, but not limited to, the following:

   a.   The ability of the Enclosed Bed to reduce or eliminate injury or death;

        b.        The ability of the Enclosed Bed to provide a secure environment for its occupant;

        c.        Failure to disclose the 2003 recall of the Enclosed Beds;

        d.        The severity and frequency of harm and death caused by the use of the Enclosed Bed.

63. Plaintiff relied on false and misleading representations of defendant Vail, with respect to the above, provided in writing and/or orally to plaintiff's detriment.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and costs of suit.

## COUNT VII
## PUNITIVE DAMAGES APPLICABLE
## TO ALL CLAIMS AND THE DEFENDANT

64. Plaintiff incorporates by reference paragraphs 1 through 63, inclusive, as if set forth herein at length.

65. Defendant knew, or through the exercise of reasonable care should have known, of the unreasonable risk of injury and death to special needs children presented by the Vail 1000. Defendant failed to disclose, or otherwise concealed this information from plaintiff.

66. Defendant's outrageous conduct reflects willful and reckless indifference and conscious disregard to the rights of special needs children in general, and plaintiff's decedent specifically, and is unacceptable in a civilized society warranting the imposition of punitive damages.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and costs of suit.

## FIRST CAUSE OF ACTION OF ESTATE OF DAVID J. MALONE, JR.
## WRONGFUL DEATH

67. Plaintiff incorporates by reference paragraphs 1 through 66, inclusive, as if set forth herein at length.

68. Plaintiff brings this action under and by virtue of the Delaware Wrongful Death Act, 10 Del. C. §3724, and seeks to recover all compensable damages legally approved thereunder, including but not limited to damages for all pecuniary benefits to the beneficiaries that would have resulted from the continued life of the deceased; loss of services, funeral expenses and mental anguish to the next of kin of such deceased person.

WHEREFORE, plaintiff demands judgment against defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and costs of suit.

## SECOND CAUSE OF ACTION OF ESTATE OF DAVID J. MALONE, JR.
## SURVIVAL ACTION

69. Plaintiff incorporates by reference paragraphs 1 through 68, inclusive, as if set forth herein at length.

70. Plaintiff brings this action under and by virtue of the Delaware Survival Act, 10 Del. C. §3701 and seeks to recover all compensable damages legally approved thereunder, including but not limited to damages for pain and suffering.

WHEREFORE, plaintiff demands judgment against defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and costs of suit.

DALTON & ASSOCIATES

By:_____
     Bartholomew Dalton
     1106 West 10th Street
     Wilmington, DE 19806
     (302) 652-2050 (P)
     (302) 652-0687 (F)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ANNA MURRAY, individually and as Administrator of the Estate of David J. Malone, Jr., deceased

**(b)** County of Residence of First Listed Plaintiff: **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See attachment

## DEFENDANTS
VAIL PRODUCTS, INC.

County of Residence of First Listed Defendant: **Lucas County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332
Brief description of cause:
Product Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 1-20-06
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Bartholomew J. Dalton, Esq.
Dalton & Associates, P.A.
1106 West 10th Street
Cool Spring Meeting House
Wilmington, DE 19806
(302) 652-2050

Gerald A. McHugh, Esq. (Pro Hac Vice)
Raynes McCarty
1845 Walnut Street
Suite 2000
Philadelphia, PA  19103
(215) 568-6190

Regina M. Foley, Esq. (Pro Hac Vice)
Raynes McCarty
1845 Walnut Street
Suite 2000
Philadelphia, PA  19103
(215) 568-6190

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06-039

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF __2__ COPIES OF AO FORM 85.

__1-20-06__
(Date forms issued)

__[signature]__
(Signature of Party or their Representative)

__Fazeel Khan__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action