# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANNA MURRAY, individually and | : | Docket No. 06-039 |
| as Administrator of the Estate of | : | |
| David J. Malone, Jr., deceased, | : | |
| | : | |
| v. | : | |
| | : | |
| VAIL PRODUCTS, INC. | : | <u>JURY TRIAL DEMANDED</u> |

## <u>ANSWER WITH AFFIRMATIVE DEFENSES</u>

### <u>Statement of Parties</u>

1.     Denied.  Vail Products is without knowledge or information sufficient to form a belief as to the truth of this averment.

2.     Denied.  Vail Products is without knowledge or information sufficient to form a belief as to the truth of this averment.

3.     Denied.  Vail Products is without knowledge or information sufficient to form a belief as to the truth of this averment.

4.     Admitted.

### <u>Statement of Jurisdiction and Venue</u>

5.     Admitted.

6.     Admitted.

7.     Admitted.

### <u>Statement of Case</u>

8.     Denied.  Vail Products is without knowledge or information sufficient to form a belief as to the truth of this averment.

9.     Admitted.

10.    Admitted.

11.    Admitted that Vail Products marketed enclosed beds to adults and children with special needs. The remaining averments in this paragraph of the complaint are characterizations of Vail Products' marketing documents which, being in writing, speak for themselves.

12.    Admitted.

13.    Admitted.

14.    Denied. Vail Products is without knowledge or information sufficient to form a belief as to the truth of this averment.

15.    Denied. Vail Products is without knowledge or information sufficient to form a belief as to the truth of this averment.

16.    Denied. Vail Products is without knowledge or information sufficient to form a belief as to the truth of this averment.

17.    Admitted that Vail Products advertised in Exceptional Parent Magazine. The remaining averments in this paragraph of plaintiff's complaint are a characterization of the advertisement which, being a written document, speaks for itself.

18.    Admitted that Vail Products shipped a Vail 1000 enclosed bed to plaintiff on October 24, 2002.

19.    Admitted that the Vail 1000 was designed, manufactured, marketed and sold with a hinged side rail which had, as one of its purposes, to eliminate a gap between the side rail and mattress.

20.    Denied.

21.    Denied. In April of 2003, Vail Products sent a letter offering customers a retrofit kit containing a side rail attachment to lessen the distance between the ends of the side rail and

2

the head and foot of the bed and an additional rail to be placed at the head and foot of the bed to replace the foam bolsters.

22.    Admitted that Vail Products did not send the April, 2003 letter to the plaintiff because the bed shipped to plaintiff was equipped with the retrofit components described in the letter.

23.    Denied. Vail Products is without knowledge or information sufficient to form a belief as to the truth of this averment.

24.    Denied. Vail Products is without knowledge or information sufficient to form a belief as to the truth of this averment.

25.    The averments in this paragraph of the complaint are a characterization of the May 6, 2005 letter which, being a written document, speaks for itself.

26.    Denied. Vail Products is without knowledge or information sufficient to form a belief as to the truth of this averment.

27.    Denied. Vail Products is without knowledge or information sufficient to form a belief as to the truth of this averment.

28.    Denied. Vail Products is without knowledge or information sufficient to form a belief as to the truth of this averment.

## COUNT I

### Negligence

29.    Vail Products incorporates by reference the responses contained in paragraphs one through twenty-eight of its answer.

30.    The averments contained in paragraph thirty of the complaint are conclusions of law to which no affirmative response is required.

3

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

WHEREFORE, Vail Products demands judgment in its favor and against the plaintiffs.

## COUNT II

### Strict Liability

36.    Vail Products incorporates by reference the responses contained in paragraphs one through thirty-five of its answer.

37.    Admitted that Vail Products was the manufacturer and supplier of the Vail 1000 enclosed bed. The remaining averments in this paragraph of the complaint are denied.

38.    Denied.

39.    Denied.

40.    Denied.

41    Denied.

WHEREFORE, Vail Products demands judgment in its favor and against the plaintiffs.

## COUNT III

### Strict Liability/Failure to Warn

42.    Vail Products incorporates by reference the responses contained in paragraphs one through forty-one of its answer.

43.    Denied.

44.    Denied.

1294553 v.1

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

WHEREFORE, Vail Products demands judgment in its favor and against the plaintiffs.

## COUNT IV

### Breach of Implied Warranty

49.    Vail Products incorporates by reference the responses contained in paragraphs one through forty-eight of its answer.

50.    Admitted that Vail Products manufactured and sold the Vail 1000 for use by the public at large including the plaintiff.  The remaining averments in paragraph fifty of the complaint are a conclusion of law to which no affirmative response is required.

51.    Denied that contrary to implied warranties Vail Products' product was not of merchantable quality or safe or fit for its intended use because the product was unreasonably dangerous and unfit for the purpose for which it was used.  Vail Products is without knowledge or information sufficient to form a belief as to the remaining averments in paragraph fifty-one of the complaint.

52.    Denied.

WHEREFORE, Vail Products demands judgment in its favor and against the plaintiffs.

## COUNT V

### Breach of Express Warranty

53.    Vail Products incorporates by reference the responses contained in paragraphs one through fifty-two of its answer.

1294553 v.1

54.     The averments contained in paragraph fifty-four of the complaint are conclusions of law to which no affirmative response is required.

55.     The averments contained in paragraph fifty-five of the complaint are conclusions of law to which no affirmative response is required.

56.     Denied.

57.     Denied.

WHEREFORE, Vail Products demands judgment in its favor and against the plaintiffs.

## COUNT VI

### Fraud

58.     Vail Products incorporates by reference the responses contained in paragraphs one through fifty-seven of its answer.

59.     The averments contained in paragraph fifty-nine of the complaint are conclusions of law to which no affirmative response is required.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

WHEREFORE, Vail Products demands judgment in its favor and against the plaintiffs.

## COUNT VII

### Punitive Damages

64.     Vail Products incorporates by reference the responses contained in paragraphs one through sixty-three of its answer.

65.     Denied.

1294553 v.1

66.     Denied.

WHEREFORE, Vail Products demands judgment in its favor and against the plaintiffs.

### FIRST CAUSE OF ACTION OF ESTATE OF DAVID J. MALONE, JR.
### WRONGFUL DEATH

67.     Vail Products incorporates by reference the responses contained in paragraphs one

through sixty-six of its answer.

68.     The averments contained in paragraph sixty-eight of the complaint are

conclusions of law to which no affirmative response is required.

WHEREFORE, Vail Products demands judgment in its favor and against the plaintiffs.

### SECOND CAUSE OF ACTION OF ESTATE OF DAVID J. MALONE, JR.
### SURVIVAL ACTION

69.     Vail Products incorporates by reference the responses contained in paragraphs one

through sixty-eight of its answer.

70.     The averments contained in paragraph seventy of the complaint are conclusions of

law to which no affirmative response is required.

WHEREFORE, Vail Products demands judgment in its favor and against the plaintiffs.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Count II (strict liability), Count III (strict liability/failure to warn), Count VI (fraud) and

Count VII (punitive damages) fail to state claims upon which relief can be granted under the law

of the State of Delaware

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, by the applicable statutes of

limitations including but not limited to 10 Del. C. § 8107.

### THIRD AFFIRMATIVE DEFENSE

As a matter of law, plaintiffs are not entitled to recover punitive damages for breach of warranty.

### FOURTH AFFIRMATIVE DEFENSE

As a matter of law, plaintiffs are not entitled to recover punitive damages on their cause of action for wrongful death.

WHEREFORE, Vail Products demands judgment in its favor and against the plaintiff.


RAWLE & HENDERSON LLP            RAWLE & HENDERSON LLP


By:   /s/ Julie M. Sebring           By:   /s/ Fred B. Buck
      Julie M. Sebring, Esquire ID#946       Fred B. Buck, Esquire
      300 Delaware Avenue       The Widener Building
      Suite 1015       One South Penn Square
      Wilmington, DE  19899-0588       Philadelphia, PA  19107
      Attorneys for Defendant       Attorneys for Defendant,
      Vail Products, Inc.       Vail Products, Inc.
      jsebring@rawle.com       Fbuck@rawle.com

1294553 v.1

## CERTIFICATE OF SERVICE

Fred B. Buck, Esquire does hereby certify that he caused a true and correct copy of the

accompanying answer with affirmative defenses to be served on opposing counsel by first class

mail, postage prepaid, as follows:

Bartholomew J. Dalton
Dalton & Associates
1106 West 10th Street
Wilmington, DE  19806

Gerald A. McHugh, Jr.
Raynes McCarty
1845 Walnut Street, Suite 2000
Philadelphia, PA  19103

RAWLE & HENDERSON LLP

By:___/s/ Fred B. Buck_____
Fred B. Buck, Esquire
Attorneys for Defendants,
Vail Products, Inc.

Dated:  04/24/06